UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY CLINK,

        Plaintiff,                               Case Number 13-11060

v.                                                   Honorable David M. Lawson

NEW YORK COMMUNITY BANK,

        Defendant.

_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DISMISSING CASE

Plaintiff Timothy Clink filed a lawsuit in the Oakland County, Michigan circuit court alleging that defendant New York Community Bank wrongfully foreclosed a mortgage on his condominium. The defendant removed the case to this Court alleging federal question jurisdiction, and then filed a motion to dismiss, which is now before the Court. The plaintiff has not filed an answer to the motion, and the time for doing so has passed. Nonetheless, after reviewing the motion papers and the complaint, the Court finds that the issues are presented adequately and oral argument is not necessary. Therefore, it is **ORDERED** that the motion will be decided on the papers. *See* E.D. Mich. LR 7.1(f)(2).

The complaint purportedly sets out six causes of action, but some of the counts only ask for various forms of relief, presumably predicated on the other claims stated elsewhere in the complaint. The complaint does attempt to allege fraud (count II); a violation of the Real Estate Settlement Procedures Act (RESPA) (count III); unconscionability of the loan (count IV); and quiet title (count V). The Court concludes, however, that the complaint in full fails to state a claim for which relief can be granted. Therefore, the Court will grant the motion to dismiss and dismiss the case.

I.

The allegations in the complaint are sketchy, but they have been fleshed out somewhat by the motion to dismiss. It appears that on February 28, 2007, plaintiff Timothy Clink executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc. (MERS) on his condominium home at 1014 Paddock Drive, Building 1, Unit 3, in South Lyon, Michigan. The mortgage secured a note in the amount of $176,250. The defendant says that on August 1, 2008, the plaintiff entered into a loan modification agreement that reduced the interest rate of the note. On March 20, 2012, MERS assigned the mortgage to defendant New York Community Bank (NYCB). Despite the loan modification, the plaintiff fell into default in his note payments, and NYCB sent him a notice of foreclosure on April 4, 2012. The complaint is silent on those details, but it does allege that on June 19, 2012, the home was sold at a sheriff's sale, at which the bank was the highest bidder.

On February 1, 2013, more than seven months after the sheriff's sale, the plaintiff filed his complaint in this matter in state court. The complaint describes six counts, labeled as follows: "First Cause of Action for Declaratory Relief Against" (count I); "Second Cause of Action Fraud" (count II); "Third Cause of Action Tortious Violation of Statute Real Estate Settlement Procedures Act 12 USC section 2607 (b)" (count III); "Fourth Cause of Action Reformation" (count IV); "Fifth Cause of Action To Quiet Title and Set Aside Foreclosure" (count V); "Sixth Cause of Action: Injnctive Relief" (count VI).

On February 21, 2013, defendant NYCB filed a separate complaint in a summary action for possession of the property in the Novi, Michigan 52-1 district court. The plaintiff did not appear or defend in the summary proceedings for possession, and on March 4, 2013 the state district court entered a judgment of possession in favor of the bank. On March 8, 2013, NYCB filed its notice of removal, which brought the Oakland County action to this Court. The bank filed its motion to

dismiss on March 14, 2013. The plaintiff filed no response to the motion or any other paper in this lawsuit other than the complaint.

II.

The defendant's motion to dismiss is brought under the authority of Federal Rule of Civil Procedure 12(b)(6). "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief if all the facts and allegations in the complaint are taken as true." *Rippy ex rel. Rippy v. Hattaway*, 270 F.3d 416, 419 (6th Cir. 2001) (citing *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)). Under Rule 12(b)(6), the complaint is viewed in the light most favorable to plaintiffs, the allegations in the complaint are accepted as true, and all reasonable inferences are drawn in favor of plaintiffs. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). As the Sixth Circuit explained,

> [t]o survive a motion to dismiss, [a plaintiff] must plead "enough factual matter" that, when taken as true, "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007). Plausibility requires showing more than the "sheer possibility" of relief but less than a "probab[le]" entitlement to relief. *Ashcroft v. Iqbal*, [556 U.S. 662, 678] (2009).

*Fabian v. Fulmer Helmets, Inc.*, 628 F.3d 278, 280 (6th Cir. 2010). Stated differently, under the new regime ushered in by *Twombly* and *Iqbal*, pleaded facts must be accepted by the reviewing court, but conclusions ought not be accepted unless they are plausibly supported by the pleaded facts. "[B]are assertions," such as those that "amount to nothing more than a 'formulaic recitation of the elements'" of a claim, can provide context to the factual allegations, but are insufficient to state a claim for relief and must be disregarded. *Iqbal*, 556 U.S. at 681 (quoting *Twombly*, 550 U.S. at 555). However, as long as a court can "'draw the reasonable inference that the defendant is liable

for the misconduct alleged,' a plaintiff's claims must survive a motion to dismiss." *Fabian*, 628 F.3d at 281 (quoting *Iqbal*, 556 U.S. at 678).

Normally, when deciding a Rule 12 motion, the Court looks only at the pleadings, *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008), and factual allegations that find their source in outside documents cannot play a part in the motion decision, *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010). There are exceptions, however. First, "documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)); *see also Koubriti v. Convertino*, 593 F.3d 459, 463 n.1 (6th Cir. 2010). Second, even if a document is not attached to a complaint or answer, "when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Commercial Money Ctr.*, 508 F.3d at 335-36. Third, if the plaintiff does not directly refer to a document in the pleadings, but that document governs the plaintiff's rights and is necessarily incorporated by reference, then the motion need not be converted to one for summary judgment. *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (holding that plan documents could be considered without converting the motion to one for summary judgment even though the complaint referred only to the "plan" and not its associated documents). Finally, "a court may consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment." *Northville Downs v. Granholm*, 622 F.3d 579 (6th Cir. 2010) (citing *Commercial Money Ctr., Inc.*, 508 F.3d at 335-36).

A.

The defendant argues that the plaintiff's claims that challenge the propriety of the foreclosure proceedings and the sheriff's sale, including the quiet title count of the complaint, are barred by *res judicata*. The Court agrees.

The doctrine of *res judicata* embraces two separate concepts — claim preclusion and issue preclusion. "Claim preclusion, or true res judicata, refers to [the] effect of a prior judgment in foreclosing a subsequent claim that has never been litigated, because of a determination that it should have been advanced in an earlier action. Issue preclusion, on the other hand, refers to the foreclosure of an issue previously litigated." *Mitchell v. Chapman*, 343 F.3d 811, 819 n.5 (6th Cir. 2003) (citations omitted). "Claim preclusion is the doctrine by which a final judgment on the merits in an action precludes a party from bringing a subsequent lawsuit on the same claim or raising a new defense to defeat a prior judgment. It precludes not only relitigating a claim previously adjudicated; it also precludes litigating a claim or defense that should have been raised, but was not, in the prior suit." *Id.* at 819. The Sixth Circuit has identified four elements of claim preclusion: (1) the prior decision was a final decision on the merits; (2) the former and present actions are between the same parties or those in privity with them; (3) the claim in the present action could or should have been litigated in the prior action; and (4) an identity exists between the prior and present actions. *Ibid.*

In this case, the state district court summary proceeding for possession of the property teed up the very issue raised in the plaintiff's present lawsuit: who has the right to possess the foreclosed home. That lawsuit involved the same parties and concerned the same dispute. The plaintiff could or should have raised in the summary proceeding all of the claims challenging the foreclosure sale and the bank's right to possess the property through the sheriff's deed. "[A] district court judgment

-5-

is res judicata on the issue of who has the right to possess the premises, because that question is actually litigated in the district court." *1300 LaFayette East Coop., Inc. v. Savoy*, 284 Mich. App. 522, 530, 773 N.W.2d 57, 62 (2009). "Res judicata applies to default judgments and consent judgments as well as to judgments derived from contested trials." *Staple v. Staple*, 241 Mich. App. 562, 572, 616 N.W.2d 219, 225 (2000) (internal quotation marks omitted).

The state lawsuit for possession was resolved in favor of the present defendant and that outcome cannot be challenged in this Court. The doctrine of claim preclusion bars relitigating the question, and those counts of the complaint that seek to do so must be dismissed.

B.

Count II of the complaint and the other claims for "fraud" alluded to throughout the complaint must be dismissed because the plaintiff has not "state[d] with particularity the circumstances constituting the fraud." Fed. R. Civ. P. 9(b); *see also Bennett v. MIS Corp.*, 607 F.3d 1076, 1100 (6th Cir. 2010). The complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Indiana State Dist. Council of Laborers and Hod Carriers Pension and Welfare Fund v. Omnicare, Inc.*, 583 F.3d 935, 942-43 (6th Cir. 2009) (internal quotations and citation omitted). The plaintiff has done none of that.

In addition, a party must "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of [the other party]; and the injury resulting from the fraud." *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993) (internal quotations and citations omitted). The plaintiff has not complied with that requirement, either.

The complaint is replete with conclusory allegations of "illegal scheme[s]," "deception," "fraud," and "reliance [by the plaintiff]," but it does not at any point describe any specific statement, made at any particular time or place, by any identified speaker, on which the plaintiff allegedly relied in deciding to execute the mortgage and note. The fraud allegations must be dismissed because they have not been pleaded adequately. Moreover, as noted above, any claims relating to alleged fraud in the foreclosure process are barred by *res judicata*.

C.

The problem with count III of the complaint is that it contains no discernible factual support for the plaintiff's bare allegations that the defendant "violated" RESPA and that the plaintiff "suffered damages" as a result. The complaint does not identify any specific provision of the statute that was allegedly violated, and does not plead any facts that would demonstrate a violation. Conclusory allegations that the defendant engaged in wrongful conduct are not entitled to a presumption of truth on a motion to dismiss, and aside from these vacant assertions, the complaint contains nothing of substance that would give rise to a plausible claim that the defendant violated RESPA.

Moreover, although the complaint alludes to improper "kickbacks" and "referrals" under 12 U.S.C. § 2067, and improper "fees and penalties" or failure to make required disclosures at the closing of the loan under 12 U.S.C. § 2605, all of those claims are time barred. The mortgage and note were executed on February 28, 2007, and the complaint was filed on February 1, 2013, nearly six years later and well beyond the applicable one-year and three-year limitations periods under RESPA. 12 U.S.C. § 2614; *Monette-Carter v. Green Tree Servicing, LLC*, No. 12-15252, 2013 WL 1289343, at *6-7 (E.D. Mich. Mar. 28, 2013).

The RESPA count must be dismissed.

### D.

The counts of the complaint seeking reformation of the note and mortgage, quiet title, declaratory judgment, and injunctive relief do not state any basis for granting that relief, save the misbegotten claims of fraud and RESPA violations. Because the plaintiff cannot prevail on any of his substantive claims, the remaining counts of the complaint also must be dismissed. Reformation is an equitable remedy, not a separate cause of action. *Yaldu v. Bank of America Corp.*, 700 F. Supp. 2d 832, 847 (E.D. Mich. 2010). The request for the Court to quiet title finds its roots in a statutory cause of action, *United States v. Porath*, 764 F. Supp. 2d 883, 896 (E.D. Mich. 2011) (citing Mich. Comp. Laws § 600.2932(1)), but the plaintiff has not alleged a basis for extinguishing the defendant's rights in the property. Similarly, the request for injunctive relief does not assert any separate cause of action. *Goryoka v. Quicken Loan, Inc.*, No. 11-2178, 2013 WL 1104991, at *3 (6th Cir. Mar. 18, 2013). Moreover, as noted above, to the extent that the plaintiff seeks to set aside the foreclosure and rescind the sheriff's sale, the Court is precluded from granting any such relief due to the prior adjudication of the claim of possession in the Michigan state court. Finally, the Court may not reach the merits of a claim for declaratory judgment where there is no substantial underlying legal claim. *Blakely v. United States*, 276 F.3d 853, 872 (6th Cir. 2002) (citing *Golden v. Zwickler*, 394 U.S. 103 (1969)).

### III.

The plaintiff's sketchy and generic complaint does not state a claim for which relief may be granted.

Accordingly, it is **ORDERED** that the defendant's motion to dismiss [dkt. #4] is **GRANTED**.

It is further **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that the hearing scheduled for May 6, 2013 is **CANCELLED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   April 30, 2013

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 30, 2013.

s/Deborah R. Tofil
DEBORAH R. TOFIL

---